Richard J. Mooney (CA State Bar No. 176486)
*richard.mooney@rimonlaw.com*
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA  94111
Telephone:  (415) 539-0443

Attorneys for Plaintiff OpenX Technologies, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OpenX Technologies, Inc.,<br><br>          Plaintiff,<br><br>     v.<br><br>Cameron Miille,<br><br>          Defendant. | CASE NO.  2 :17-cv-06931<br><br>Complaint for (1) Violation of Defend Trade Secrets Act; (2) Violation of California Uniform Trade Secrets Act; and (3) Breach of Contract<br><br>Jury Trial Demanded |

Plaintiff OpenX Technologies, Inc. ("Plaintiff" or "OpenX") alleges for its complaint against Defendant Cameron Miille ("Defendant" or "Mr. Miille") as follows:

### The Parties

1. Plaintiff is and at all relevant times has been a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pasadena, California.

2. Defendant is and at all relevant times has been an individual residing in the State of California, within this Judicial District.

### Jurisdiction and Venue

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as it is a civil action arising under the laws of the United States. The Court has supplemental jurisdiction over the state law claims alleged in the complaint pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant, because Defendant performed acts and/or consummated a transaction in this jurisdiction; Defendant purposefully availed himself of the privilege of conducting business in this jurisdiction and invoked the benefits and protections of the law of this jurisdiction; the claims arise out of or relate to Defendant's activities and conduct related to this forum; the relevant contracts were executed in this jurisdiction; and the exercise of personal jurisdiction is reasonable.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because the only Defendant resides in this District, and/or 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to the claim occurred here.

### Factual Allegations

6. Plaintiff is a global leader in the field of digital and mobile advertising technology, with hundreds of employees throughout the world. Plaintiff's

Complaint; Jury Demand
*OpenX Technologies, Inc. v. Cameron Miille* (Case No. _____)

1  principal business involves creating marketplaces that help connect digital/mobile

2  publishers seeking to monetize their content with advertisers seeking exposure to the

3  publishers' audiences.

4         7.    As part of its business and sales processes, Plaintiff obtains and

5  uses a broad range of non-public information about digital and mobile publishers that

6  are current or prospective clients, including information about past and potential

7  future purchases; significant factors affecting purchasing decisions; information

8  regarding key decision-makers; contact information; and other information critical to

9  its sales efforts (the "Confidential Information").  Plaintiff has dedicated significant

10  time and resources over almost a decade to collect and verify this Confidential

11  Information.  Plaintiff views this information as a key strategic asset.

12         8.    The Confidential Information is maintained in part by using

13  Customer Relationship Management software to create and manage a database

14  ("OpenX's Salesforce Database") containing the Confidential Information.  Plaintiff

15  takes significant steps to protect and maintain the secrecy and confidentiality of the

16  Confidential Information, including for example:

17         *    Restricting access to the Confidential Information to

18              Plaintiff's personnel with a need to know the information as

19              part of their job duties;

20         *    Applying password protection to OpenX's Salesforce

21              Database to prevent unauthorized access;

22         *    Requiring employees and other personnel to sign agreements

23              precluding them from accessing or using any Confidential

24              Information other than for Plaintiff's benefit and further

25              precluding them from retaining for their own use or

26              transferring to third parties any Confidential Information;

27         *    Monitoring and investigating potential unauthorized access

28              to or use of Confidential Information.

Complaint; Jury Demand
*OpenX Technologies, Inc. v. Cameron Miille* (Case No. _____)

1            *      Maintaining physical security for its premises, including

2                 security guards and key card access controls.

3          9.     The Confidential Information is of great value to Plaintiff in

4    connection with Plaintiff's efforts to increase revenue by obtaining and retaining

5    clients.  That value is substantially increased by maintaining the secrecy of the

6    Confidential Information, which provides a competitive advantage over competitors

7    that do not possess the Confidential Information.

8          10.    In or about June 2012, Defendant began working for Plaintiff in a

9    sales / buyer development capacity.  As part of the employment relationship,

10   Defendant signed a "Confidential Information and Invention Assignment Agreement

11   dated June 4, 2012 (the "Confidential Information Agreement").

12         11.    In the Confidential Information Agreement, Defendant agreed

13   (among other things) to (1) "at all times during the Relationship [*i.e.*, while employed

14   at OpenX] and thereafter, to hold in strictest confidence, and not to use, except for the

15   benefit of the Company to the extent necessary to perform my obligations to the

16   Company under the Relationship, or to disclose to any person, firm, corporation or

17   other entity without written authorization of the Board of Directors of the Company,

18   any Confidential Information of the Company which I obtain or create," and (2) "not

19   to make copies of such Confidential Information except as authorized by the

20   Company."

21         12.    Defendant also agreed in paragraph 8 of the Confidential

22   Information Agreement that "during the Relationship and for a period of twelve (12)

23   months immediately following the termination of the Relationship for any reason,

24   whether with or without cause, I shall not either directly or indirectly solicit, induce,

25   recruit or encourage any of the Company's employees or consultants to terminate their

26   relationship with the Company, or attempt to solicit, induce, recruit, encourage or take

27   away employees or consultants of the Company, either for myself or for any other

28   person or entity."

Complaint; Jury Demand
*OpenX Technologies, Inc. v. Cameron Miille* (Case No. _____)

13.     Defendant also agreed in the Confidential Information Agreement that "violation of this Agreement by me may cause the Company [OpenX] irreparable harm, and therefore [I] agree that the Company will be entitled to seek extraordinary relief in court, including but not limited to temporary restraining orders, preliminary injunctions and permanent injunctions without the necessity of posting a bond or other security . . . ."

14.     On or about June 30, 2017, Defendant ended his employment relationship with OpenX.  As part of the process of leaving his employment, Defendant signed an "OpenX Technologies, Inc. Termination Certification" dated June 30, 2017 (the "Certification").  Prior to his termination date, Defendant's manager also verbally instructed Defendant not to take any Confidential Information with him.

15.     In the Certification, Defendant (among other things) (1) stated that he would subsequently be employed by OpenX's competitor FreeWheel Media Inc. (owned by Comcast) ("Freewheel"); (2) certified that he did not have in his possession and had not failed to return any material or information belonging to OpenX; (3) certified that he had complied with all the terms of the Confidential Information Agreement; and (4) agreed to "preserve as confidential all Company Confidential Information and Associated Third Party Confidential Information, including trade secrets, confidential knowledge, data, or . . . customer lists, business plans, financial information, or other subject matter pertaining to any business of the Company . . . ."

16.     Also in the Certification, Defendant "agree[d] that for twelve (12) months from this date, I will comply with the non-competition and non-solicitation provisions, as set forth in Paragraph 8 of the At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement [*sic* – the Confidential Information Agreement]."

17.     Notwithstanding the Confidential Information Agreement and the Certification, OpenX subsequently learned that Defendant accessed, downloaded, and

retained a significant amount of Confidential Information during the last month of his employment.  In particular, OpenX learned that on June 13 he obtained a report of all company-wide EBDA opportunities (essentially, potential clients), which he would have no business purpose for obtaining absent a desire to retain it for use after his departure from OpenX and/or a desire to transfer the information to his new employer.  In addition, OpenX learned that on June 22 Defendant obtained a report of all the client accounts on which he had worked at any time at OpenX, which again he would have no business purpose for obtaining absent a desire to retain it for use after his departure from OpenX and/or a desire to transfer the information to his new employer.

18.     Defendant's conduct was intentional.  On June 21, 2017, one day before he obtained the client report, he was informed by the Human Resources department in writing not to engage in exactly this conduct.  The email communication included the following:  "You will need to confirm upon your exit that you will continue to comply with the applicable terms of your At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement ("Agreement").  Among other things, pursuant to the Agreement you will need to confirm that you have returned all OpenX documents, records and equipment and have not retained any copies in any form.  These include any materials from Salesforce, OpenX Google Drives and other OpenX databases."  In flagrant disregard of this explicit instruction and the request of his manager, Defendant downloaded the client report.

19.     In light of Defendant's intentional conduct and of his new employer's status as a competitor of Plaintiff, OpenX believes but cannot yet prove that Defendant has transferred some or all of the Confidential Information that he misappropriated to his employer and/or used some or all of the Confidential Information that he misappropriated to benefit his employer, thereby injuring Plaintiff.

20.     Also notwithstanding the Confidential Information Agreement and Certification, Plaintiff believes, and alleges on information and belief, that Defendant

5

1  has solicited, recruited, and encouraged (and is continuing to solicit, recruit, and

2  encourage) employees of Plaintiff to leave Plaintiff and join Defendant at FreeWheel

3  thereby injuring Plaintiff.

4  **First Cause of Action – Violation of Defend Trade Secrets Act**

5        21.    Plaintiff re-alleges and incorporates herein all preceding

6  paragraphs.

7        22.    Plaintiff owns and possesses certain confidential, proprietary, and

8  trade secret information as alleged above.

9        23.    Plaintiff's confidential, proprietary, and trade secret information

10  relates to products and services used, sold, shipped, and/or ordered in (or intended to

11  be used, sold, shipped, and/or ordered in) interstate and foreign commerce.

12        24.    Plaintiff has at all times maintained stringent security measures to

13  safeguard and preserve the secrecy of its confidential, proprietary, and trade secret

14  information.

15        25.    Due to Plaintiff's security measures, its confidential, proprietary,

16  and trade secret information is not available for others to use through any legitimate

17  means.

18        26.    Plaintiff's confidential, proprietary, and trade secret information

19  derives independent value from not being generally known to, and not being readily

20  accessible through proper means by, others in the industry or elsewhere.

21        27.    Defendant misappropriated Plaintiff's confidential, proprietary,

22  and trade secret information as described above, and that misappropriation was

23  intentional, knowing, willful, malicious, fraudulent, and oppressive, justifying an

24  award of exemplary and/or punitive damages.

25        28.    On information and belief, if Defendant is not enjoined, he will

26  continue to misappropriate and use Plaintiff's confidential, proprietary, and trade

27  secret information.

28

29.     Defendant's wrongful conduct has damaged Plaintiff, and has enriched Defendant, both in amounts to be proven at trial.

**Second Cause of Action – Violation of California Uniform Trade Secrets Act**

30.     Plaintiff re-alleges and incorporates herein all preceding paragraphs.

31.     Plaintiff owns and possesses certain confidential, proprietary, and trade secret information as alleged above.

32.     Plaintiff's confidential, proprietary, and trade secret information relates to products and services used, sold, shipped, and/or ordered in (or intended to be used, sold, shipped, and/or ordered in) interstate and foreign commerce.

33.     Plaintiff has at all times maintained stringent security measures to safeguard and preserve the secrecy of its confidential, proprietary, and trade secret information.

34.     Due to Plaintiff's security measures, its confidential, proprietary, and trade secret information is not available for others to use through any legitimate means.

35.     Plaintiff's confidential, proprietary, and trade secret information derives independent value from not being generally known to, and not being readily accessible through proper means by, others in the industry or elsewhere.

36.     Defendant misappropriated Plaintiff's confidential, proprietary, and trade secret information as described above, and that misappropriation was intentional, knowing, willful, malicious, fraudulent, and oppressive, justifying an award of exemplary and/or punitive damages.

37.     On information and belief, if Defendant is not enjoined, he will continue to misappropriate and use Plaintiff's confidential, proprietary, and trade secret information.

38.     Defendant's wrongful conduct has damaged Plaintiff, and has enriched Defendant, both in amounts to be proven at trial.

7

**Third Cause of Action – Breach of Contract**

39.   Plaintiff re-alleges and incorporates herein all preceding paragraphs.

40.   The Confidential Information Agreement and the Certification are valid written contracts under California law.

41.   The Confidential Information Agreement and the Certification were each signed as conditions of OpenX agreeing to employ, and to pay compensation to, Defendant.

42.   Plaintiff has fulfilled all of its obligations under the Confidential Information Agreement and Certification, other than those (if any) which it was excused from performing.

43.   Defendant breached the Confidential Information Agreement and the Certification, as detailed above.

44.   On information and belief, if Defendant is not enjoined, he will continue to breach the Confidential Information Agreement and the Certification.

45.   As a consequence of Defendant's breaches of the Confidential Information Agreement and Certification, Plaintiff has suffered damages in an amount to be proven at trial.

**PRAYER**

Wherefore, Plaintiff prays judgment against Defendant as follows:

1.   for compensatory damages in an amount to be determined at trial;

2.   for restitution and/or disgorgement of all benefits obtained by Defendant's wrongful conduct in an amount to be determined at trial;

3.   for punitive and/or exemplary damages in an amount to be determined at trial;

4.   for injunctive relief;

5.   for prejudgment interest as permitted by law;

6.   for postjudgment interest as permitted by law;

8

1          7.      for costs of suit, including attorneys' fees incurred; and

2          8.      for such other relief as the Court may deem proper.

3

4

5    Dated:  September 20, 2017                    Rimon P.C.

6

7                                                 By: _____

8                                                 Richard Mooney

9                                                 Attorneys for OpenX Technologies, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint; Jury Demand
*OpenX Technologies, Inc. v. Cameron Miille* (Case No. _____)

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial for all issues triable to a jury.

Dated:  September 20, 2017         Rimon P.C.

By: _____

Richard Mooney
Attorneys for OpenX Technologies, Inc.

10